UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ELLIS, JR.,<br><br>      Plaintiff,<br><br> -against-<br><br>RHONDA P. SEALEY; CAROL ANN JORDAN,<br><br>      Defendants. | 21-CV-4398 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that his rights were violated during proceedings in the New York State Family Court, Westchester County. By order dated May 21, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a resident of Reading, Pennsylvania, brings this action against Westchester County Magistrate Judge Carol Ann Jordan and Rhonda P. Sealey, whose occupation Plaintiff lists as "foster care social worker" and who appears to be the opposing party in Plaintiff's child-support action before Magistrate Judge Jordan.[1] (ECF 2, at 2.) Plaintiff checks boxes on the complaint form to invoke the Court's federal question and diversity jurisdiction, and writes that he brings his claims under 42 U.S.C. § 1983. (*Id.* at 3.)

The "Statement of Claim" section of the complaint form states in its entirety:

---

[1] The complaint does not otherwise appear to identify Sealey's relationship to Plaintiff.

> I have a child support case in New Rochelle County [sic]. Hon. Carol Ann Jordan is the judge handling my case. I provided information from Social Security disability. My Social Security disability attorney sent the Judge Carol Ann Jordan a letter. He told the Judge I was waiting on a decision from Social Security disability. Hon. Carol Ann Jordan continued to let the arrears continue to rise.[2]

(*Id.* at 4.)

In the "Relief" section of the complaint form, Plaintiff writes:

> Hon. Carol Ann Jordan gave the Plaintiff in my child support case a money judgement. The Plaintiff in my support case hired a lawyer to put a lien on my hou[se]. My driving privilege were taken away for one year. I had a hearing in August at 2:30 p.m. I won the case for willfulness I wasn't arrested. I had a paid attorney & appointed attorney they both fail me. I never heard or receive any results.

(*Id.*)

Plaintiff attaches to the complaint more than 50 pages of documents, including: (1) documents relating to Plaintiff's receipt of SNAP (Supplemental Nutrition Assistance Program) benefits in Pennsylvania; (2) documents regarding his receipt of federal Supplemental Security Income (SSI) benefits; (3) documents from an action in the New York State Family Court, County of Westchester, between Plaintiff and Defendant Sealey and before Defendant Judge Jordan; (4) documents relating to child support due from Plaintiff to Sealey in New York State; (4) a February 20, 2021 letter from Plaintiff (not addressed to anyone) in which Plaintiff appears to question Judge Jordan's calculations of child support; and (5) another letter from Plaintiff in which he complains that he has been discriminated against by female lawyers and judges, that he does not have "freedom to speak" during proceedings, and that he was threatened with jail time, presumably in the course of his child support proceedings.

---

[2] Plaintiff writes with irregular capitalization. For readability, the Court uses standardized capitalization when quoting from the complaint.

In one of the letters Plaintiff attaches to the complaint, he writes: "I would like this matter investigated & take Carol Ann Jordan Magistrate Judge privileges. I would also like to sue for the $9,000.00 in attorney fees my mother has help me with. I would also like to sue for 10,000,000.00 pain suffering aggrivation trying to take my property." (ECF 2-2, at 5.)

## DISCUSSION

Because Plaintiff indicated on his complaint form that he asserts a claim under 42 U.S.C. § 1983, the Court construes he complaint as alleging that his federal constitutional rights were violated. To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.   **Absolute Judicial Immunity**

The Court must dismiss Plaintiff's section 1983 claims against Westchester County Family Court Magistrate Judge Jordan. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

4

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). District courts within this Circuit have applied this immunity doctrine to New York Family Court Support Magistrates. *See Herbert v. Cattaraugus Cnty.*, No. 17-CV-248S, 2017 WL 5300009, at *5-6 (W.D.N.Y. Nov. 13, 2017); *Cruz v. New York*, No. 5:17-CV-0510, 2017 WL 6021838, at *17-18 (N.D.N.Y. Oct. 27, 2017), *report & recommendation adopted*, 2017 WL 6001833 (N.D.N.Y. Dec. 4, 2017); *Chris H. v. New York*, ECF 1:16-CV-6807, 85, 2017 WL 2880848, at *7 (S.D.N.Y. July 5, 2017), *appeal dismissed*, 71 F. App'x 83 (2d Cir. 2018) (summary order); *Corrado v. N.Y. Office of Temporary & Disability Assistance*, No. 15-CV-7316, 2016 WL 3181128, at *4-5 (E.D.N.Y. June 2, 2016).

Any section 1983 claims Plaintiff may be asserting against Magistrate Judge Jordan arise from her decisions in Plaintiff's family-court action. Magistrate Judge Jordan is thus immune from suit with respect to Plaintiff's section 1983 claims. The Court therefore dismisses Plaintiff's claims against Magistrate Judge Jordan under the doctrine of judicial immunity and because they are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

B.    **State Action**

A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Sealey is a private party and Plaintiff alleges no facts suggesting that she works for any state or other government body, Plaintiff fails to state a claim against this defendant under section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.    *Younger* **Abstention**

Even if Defendants were amenable to suit under section 1983, this Court will not intervene in Plaintiff's ongoing family-court proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). *Younger* abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

Here, Plaintiff appears to be asking the Court to intervene in his ongoing state family court proceedings, in which he is challenging the amount of child support payments ordered by

Defendant Magistrate Judge Jordan. To the extent Plaintiff is asking this Court to intervene in his family court proceedings, the Court dismisses his claims under the *Younger* abstention doctrine.[3]

**D.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted, under the doctrine of absolute judicial immunity, and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

---

[3] Plaintiff's claims may also be barred under the domestic relations abstention doctrine. As a general matter, the domestic relations exception provides that federal courts will not exercise subject matter jurisdiction "where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 699-704 (1992). The Second Circuit has articulated a related domestic relations abstention doctrine, holding that "even if subject matter jurisdiction lies," a "federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Am. Airlines*, 905 F.2d at 14; *see also Deem v. DiMella-Deem*, 941 F.3d 618, 623-25 (2d Cir. 2019).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 15, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge